UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY FRANKLIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HAROLD TATE, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01170-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS<br><br>[ECF No. 16] |

Plaintiff Jeffrey Franklin is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed January 8, 2020.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the first amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names Doctor Harold Tate, Chief Physician Surgeon U. Baniga, Chief Medical Executive S. Shiesha, Deputy Director J. Lewis, as Defendants.

On July 29, 2015 to August 7, 2015, while Plaintiff was at a legal visit with the class action attorneys, he was told by custody staff to terminate the legal visit to attend his cancer therapy regimen. Plaintiff told staff that the visit was critical and to allow him to proceed to the end before he was taken for the cancer treatment. When Plaintiff continued with the legal visit, Defendant Dr. Tate called the cancer center radiation oncologist, and falsely told the center that Plaintiff no longer wanted the radiation treatment and to discontinue all future radiation therapy. As a result of Defendant Dr. Tate's action, Plaintiff missed numerous days of radiation treatment.

Plaintiff was told before he began radiation treatment that it was vital that all radiation treatment appointments be fulfilled as well as all medication. This information was known by Defendant Dr. Tate and the other named Defendants.

On July 31, 2015, Plaintiff filed an emergency medical appeal regarding the action taken by Defendant Dr. Tate. Plaintiff stated that Dr. Tate's action was done because Plaintiff was participating in the class action civil lawsuit. Plaintiff also requested that he be assigned a different primary care physician and that his cancer radiation treatment be reinstated. Plaintiff noted that this was the third time since January 2015 that Defendant Dr. Tate interfered with his cancer treatment. Plaintiff's appeal was answered by Defendant Baniga who acknowledged that Dr. Tate did discontinue the cancer treatment stating, "treatment you were getting since June 2015 and must continue to receive until completion of the treatment plan." Defendant Baniga granted Plaintiff's request to reinstate the radiation cancer treatment and medical care. However, Defendant Baniga denied providing Plaintiff a new primary care physician.

Plaintiff appeal to the second level of review. Defendant Shiesha as Chief Medical Executive reviewed Plaintiff's medical records and had the authority to appoint a different primary care physician, but did nothing to correct the misconduct by Dr. Tate. Defendant Shiesha knowingly participated and supported the misconduct by Dr. Tate.

Plaintiff appeals the third and final level of review. On December 7, 2015, Defendant Lewis issued a decision which did not address all of Plaintiff's issues, namely, the request for a different primary care physician. Defendant Lewis stated that Plaintiff "may not be selective in the choice of PCP."

On or about August 24, 2015, Plaintiff filed another medical appeal regarding the discontinuance of the A&D ointment prescription, which was active from June 2015 to June 2016. The A&D ointment was used to treat Plaintiff's cracked and bloody skin. In August 2015, Defendant Dr. Tate discontinued the A&D ointment for no medical reason. This took place several days after he filed the July 31, 2015, appeal regarding Dr. Tate's discontinuance of the radiation treatment.

///
///

# III.

# DISCUSSION

**A.  Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. <u>Snow</u>, 681 F.3d at 985 (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122. In order to establish a claim of deliberate indifference based on a delay in treatment, a plaintiff must show that the delay was harmful. <u>See Hallett v. Morgan</u>, 296 F.3d 732, 745-46 (9th Cir. 2002); <u>Berry v. Bunnell</u>, 39 F.3d 1056, 1057 (9th Cir. 1994).

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." <u>Snow</u>, 681 F.3d at 987 (citing <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Wilhelm</u>, 680 F.3d at 1122-23 (citing <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." <u>Snow</u>, 681 F.3d at 988 (citing <u>Jackson</u>, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

4

cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

The prison grievance process does not confer any substantive rights upon inmates, and in general, actions in reviewing and denying inmate appeals does not serve a basis for liability under section 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). However, if the grievance puts the official on notice of an ongoing constitutional violation, the official may be liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help. See Jett v. Penner, 439 F.3d at 1098.

1. Radiation Treatment

Liberally construed, Plaintiff's allegations state a cognizable claim against Defendant Dr. Tate for deliberate indifference for the discontinuance of his radiation treatment because he was participating in a civil action. However, Plaintiff fails to state a cognizable claim against Dr. Tate for the discontinuance of certain medication in February 2015, as there are insufficient facts to support a plausible inference of deliberate indifference. In addition, Plaintiff fails to state a cognizable claim against Defendants Shiesha and Lewis for denial of radiation treatment because they reviewed Plaintiff's grievances after the violation took place and was remedied. See, e.g., Poulson v. Kirkegard, No. CV-14-00043-H-DLC-JTJ, 2015 WL 5943207, at *5 (D. Mont. Mar. 16, 2015) ("If a constitutional violation is complete, however, and a supervisory grievance reviewer is simply making a determination on whether the prison should provide a remedy for a past violation, the supervisory grievance reviewer has no part in causing the constitutional violation"); see also Ford v. Lewis, No. 16cv1126-LAB (BLM), 2016 WL 11281412, at *6 (S.D. Cal. Dec. 5, 2016) (same); Salas v. Nichols, No. 17-cv-00663-JST, 2017 WL 2834061, at *6 (N.D. Cal. June 30, 2017) (prison grievance which "only placed particular defendants on notice regarding alleged past constitutional violations, and not ongoing constitutional violations" insufficient to give rise to claim for relief). To the extent Plaintiff contends that these Defendants improperly denied his request to be assigned a new PCP, there was no basis to appoint a new PCP as the radiation treatment was reinstated. In addition, the mere denial of

an inmate appeal for a past violation, does not give rise to a cognizable constitutional claim. Accordingly, Plaintiff states a cognizable claim against Defendant Dr. Tate only for deliberate indifference based on the discontinuance of his radiation treatment.

2. Prescription for A&D Ointment

Assuming Plaintiff's allegations that due to his radiation treatment, he suffered painful cracked, chapped and bleeding skin meets the objective component of a serious medical need, Plaintiff has failed to demonstrate the subjective component of a claim for deliberate indifference. Plaintiff has failed to demonstrate that any Defendant acted with deliberate indifferent to a substantial risk of serious harm. Plaintiff alleges only that Dr. Tate "denied" him A&D ointment despite having previously filed out the prescription. The mere denial of the ointment, without more, fails to demonstrate that Dr. Tate acted deliberate indifference. See Snow v. McDaniel, 681 F.3d at 987 ("A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference.") Plaintiff does not set forth how he requested the ointment, when he requested the ointment, what response, if any, he received from Dr. Tate, or that Dr. Tate was aware of his need for the ointment after he allegedly filed a grievance against him. Rather, Plaintiff merely alleges that Dr. Tate previously filled out a prescription for the A&D ointment then denied it in retaliation for filing a grievance. Because Plaintiff has not demonstrated deliberate indifference by Defendant Dr. Tate related to the denial of the A&D ointment, his claims against the grievance reviewers also fail.

**B. Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the

protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Based on Plaintiff's allegations, Plaintiff states a cognizable claim for retaliation against Defendant Dr. Tate for the discontinuance of his radiation treatment because he exercised his right to participate in class action lawsuit. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985) (finding assisting others with litigation and brining litigation is protected activity under the First Amendment).

However, Plaintiff's vague and conclusory claim that the denial of the ointment was because Plaintiff filed the July 31, 2015, grievance fails to give rise to a cognizable claim of retaliation. Plaintiff fails to demonstrate that the alleged action in denying him A&D ointment was motivated by retaliation. Further, Plaintiff has failed to allege that Defendant Dr. Tate had knowledge of any alleged grievance previously filed. Plaintiff's mere speculation is insufficient to give rise to a claim for retaliation. Accordingly, Plaintiff fails to state a cognizable retaliation claim for the denial of the A&D ointment.

## III.

## CONCLUSION AND RECOMMENDATIONS

For the reasons discussed, the Court finds that Plaintiff has stated a cognizable claim for retaliation for discontinuance of radiation treatment and deliberate indifference to a serious medical need against Defendant Dr. Tate only. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's third amended complaint is largely identical to the previous complaints. Based upon the allegations in Plaintiff's third amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support any other cognizable claims for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

///

///

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's retaliation and deliberate indifference against Defendant Dr. Tate; and
2. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 24, 2020**

UNITED STATES MAGISTRATE JUDGE