1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                           **EASTERN DISTRICT OF CALIFORNIA**

10

11   JEFFREY FRANKLIN,                      )   Case No. 1:19-cv-01170-AWI-SAB (PC)
                                            )
12              Plaintiff,                  )
                                            )   ORDER GRANTING DEFENDANT'S MOTION
13        v.                                )   TO COMPEL
                                            )
14   HAROLD TATE,                           )   (ECF No. 36)
                                            )
15              Defendant.                  )
                                            )
16   _____)

17        Plaintiff Jeffrey Franklin is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

18   1983.

19        Currently before the Court is Defendant's motion to compel, filed on March 12, 2021.

20                                          **I.**

21                           **RELEVANT BACKGROUND**

22        This action is proceeding against Defendant Tate for retaliation and deliberate indifference to a

23   serious medical need.

24        Defendant filed an answer to the operative third amended complaint on May 12, 2020.  (ECF

25   No. 27.)

26        On May 12, 2020, the Court issued the discovery and scheduling order.  (ECF No 29.)

27        On June 3, 2020, the Court identified this case as an appropriate case for the post-screening

28   ADR (Alternative Dispute Resolution) project, and stayed the action to allow the parties an

                                            1

opportunity to settle their dispute before the discovery process begins.  (ECF No. 30.)  The Court's order granted Defendant time to investigate and determine whether to opt out of the post-screening ADR project.

On July 2, 2020, Defendant filed a declaration of counsel in support of a notice to opt out of the early settlement conference.  (ECF No. 32.)  Therefore, on July 7, 2020, the Court vacated the settlement conference and amended the discovery and scheduling order.  (ECF No. 33.)

On February 16, 2021, the Court granted Defendant's request to extend the discovery and dispositive motions to March 15, 2021 and May 14, 2021, respectively.  (ECF No. 35.)

On March 12, 2021, Defendant filed the instant motion to compel.  (ECF No. 36.)  Plaintiff has not filed an opposition and the time to do so has now passed.  Local Rule 230(l).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 29.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents

containing information which implicated the safety and security of the prison); <u>Orr v. Hernandez</u>, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); <u>Womack v. Virga</u>, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  <u>Grabek v. Dickinson</u>, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); <u>Womack</u>, 2011 WL 6703958, at *3; <u>Mitchell v. Felker</u>, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); <u>Ellis v. Cambra</u>, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack</u>, 2011 WL 6703958, at *3; <u>Mitchell</u>, 2010 WL 3835765, at *2; <u>Ellis</u>, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  <u>Hunt v. County of Orange</u>, 672 F.3d

606, 616 (9th Cir. 2012); <u>Surfvivor Media, Inc. v. Survivor Productions</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002).

**III.**

**DISCUSSION**

Defendant moves to compel responses to several discovery requests. Defendant submits that on December 2020, he propounded interrogatories, requests for production of documents, and requests for admission upon Plaintiff.  (Declaration of Jason R. Cale (Cale Decl.) ¶ 2, ECF No. 36-1.)  The discovery requests were sent to Plaintiff's address of record with the Court.[1]  (<u>Id.</u>)  Pursuant to the discovery and scheduling order, Plaintiff's responses were due no later than February 5, 2020-45 days after service.

Defendant further submits that Plaintiff's deposition was taken via remove videoconferencing on February 8, 2021, and Plaintiff confirmed that received the discovery requests, but due to the law library closure, he was unable to respond to the requests or make copies.  (Cale Decl. ¶3.)  Defendant's counsel advised Plaintiff that it was necessary for Plaintiff to respond to the discovery requests and provide the corresponding documentation, and, if Plaintiff was unable to do so he should request leave from the Court to obtain an extension of time to respond.  (<u>Id.</u>)

To date, Plaintiff has not responded to the discovery requests, nor has he requested an extension of time to do so.  (<u>Id.</u>)  Indeed, Defendant sought an extension of the discovery and related dispositive motion deadlines in order to allow Plaintiff further time to respond.  (<u>Id.</u> ¶ 4.)

**A.     Written Interrogatories**

Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve upon another party written interrogatories that relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

---

[1] Service of discovery requests are proper and complete upon mailing the requests to the person's last known address.  Fed. R. Civ. P. 5; <u>Freed v. Plastic Packaging Materials</u>, 66 F.R.D. 550, 552 (E.D. Pa. 1975); <u>Jordan v. Lusk</u>, No. 5:04-cv-00606, 2007 WL 858623, at *6 (S.D. W. Va. Mar. 19, 2007).

Defendant properly served the interrogatories on December 22, 2020. (Cale Decl. ¶ 2.) Plaintiff has not responded to the interrogatories nor has he opposed the instant motion to compel.

The failure to timely object to an interrogatory waives any objection, unless the failure is excused by the court for good cause. Fed. R. Civ. P. 33(b)(4); see also Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").  Accordingly, the Court finds that Plaintiff was waived any objections to the interrogatories, and Defendant's motion to compel Plaintiff to respond to the interrogatories is granted.

**B.      Request for Production of Documents**

Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any other party a request for production of any tangible thing within the party's possession, custody, and control that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a)(1). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

Defendant properly served the request for production of documents on December 22, 2020. (Cale Decl. ¶ 2.)  Plaintiff has not responded to the request for production nor has he opposed the instant motion to compel.

By failing to timely object or respond to the current motion, Plaintiff has waived any objections to the request for production of documents. Richmark Corp., 959 F.2d at 1473; Ransom v. Lee, No. CV 14-600-DSF (KK), 2018 WL 5869659, at *2 (C.D. Cal. June 29, 2018); Massoli v. Regan Media, No. CIV 05-0854-PHX-EHC, 2006 WL 1455567, at *1 (D. Ariz. May 22, 2006); Andreoli v. Youngevity Int'l, Inc., No. 16-CV-02922-BTM-JLB, 2018 WL 6334284, at *8 (S.D. Cal. Dec. 5, 2018); see also Oxford St. Properties LLC v. Robbins, No. 210CV02999JHNRZX, 2011 WL 13214031, at *3 (C.D. Cal. Nov. 30, 2011) (affirming magistrate judge's holding that party waived objections by failing to timely respond to request for production of documents); Westbrook v. GES Exposition Servs., Inc., No. 205CV00532KJDGWF, 2006 WL 8441954, at *2 (D. Nev. May 24, 2006) ("Although Rule 34 does not contain an express provision that objections to requests for production

are waived if responses and objections are not timely served, the courts have interpreted the rule regarding waiver of objections consistent with Rule 33.").

Accordingly, the Court finds that Plaintiff was waived any objections to the request for production, and Defendant's motion to compel Plaintiff to respond to the requests for production of documents is granted.

### C.    Request for Admissions

Rule 36 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a).

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.  Fed. R. Civ. P. 36(a)(4).

Defendant served the request for admissions on December 22, 2020. (Cale Decl. ¶ 2.)  When Plaintiff has not responded to the request for admissions nor has he opposed the instant motion to compel.

Unlike the failure to respond to other discovery requests, upon the failure to respond to a request for admission the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3). Rule 36(a) is self-executing and the failure to timely respond to requests for admissions results in automatic admission of the matters requested. F.T.C. v. Medicor LLC., 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) (citing SCHWARZER, TASHIMA & WAGSTAFFE, FED.CIV.PROC. BEFORE TRIAL at ¶¶ 811–12 (2002) ). Once a matter is admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission" pursuant to Rule 36(b). Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007).

Due to Plaintiff's failure to respond to Defendant's requests for admissions, the matters are deemed admitted pursuant to Fed. R. Civ. P. 36(a). <u>Ocasio v. Las Vegas Metro. Police Dep't</u>, 10 F. App'x 471, 472 (9th Cir. 2001).[2]

## IV.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1.    Defendant's motion to compel Plaintiff's written responses to discovery and request to deem matters admitted pursuant to F.R.C.P 36(a)(3) is GRANTED;

2.    Plaintiff shall serve responses to the request for production of documents and interrogatories without objections within thirty (30) days of the date of service of this order; and

3.    The matters in the request for admissions are deemed admitted.

IT IS SO ORDERED.

Dated:   **April 20, 2021**

UNITED STATES MAGISTRATE JUDGE

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).