# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY FRANKLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>HAROLD TATE, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01170-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED<br><br>(ECF No. 40) |

    Plaintiff Jeffrey Franklin is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Defendant's motion to dismiss, filed June 7, 2021.

## I.

## RELEVANT BACKGROUND

    This action is proceeding against Defendant Tate for retaliation and deliberate indifference to a serious medical need.

    Defendant filed an answer to the operative third amended complaint on May 12, 2020. (ECF No. 27.)

    On May 12, 2020, the Court issued the discovery and scheduling order. (ECF No 29.)

    On June 3, 2020, the Court identified this case as an appropriate case for the post-screening ADR (Alternative Dispute Resolution) project, and stayed the action to allow the parties an

opportunity to settle their dispute before the discovery process begins. (ECF No. 30.) The Court's order granted Defendant time to investigate and determine whether to opt out of the post-screening ADR project.

On July 2, 2020, Defendant filed a declaration of counsel in support of a notice to opt out of the early settlement conference. (ECF No. 32.) Therefore, on July 7, 2020, the Court vacated the settlement conference and amended the discovery and scheduling order. (ECF No. 33.)

On February 16, 2021, the Court granted Defendant's request to extend the discovery and dispositive motions to March 15, 2021 and May 14, 2021, respectively. (ECF No. 35.)

On March 12, 2021, Defendant filed the instant motion to compel. (ECF No. 36.)

On April 21, 2021, the Court granted Defendant's motion to compel. (ECF No. 37.)

On June 7, 2021, the Court granted Defendant's request to extend the dispositive motion deadline to allow Plaintiff time to comply with the Court's April 21, 2021 order. (ECF No. 38.)

As previously stated, on June 7, 2021, Defendant filed a motion to terminate the action as a sanction for Plaintiff's failure to comply with his discovery obligation and court order. (ECF No. 40.) Plaintiff has not filed an opposition and the time to do so has now expired. Local Rule 230(l).

## II.

## DISCUSSION

Defendant seeks to have this matter dismissed with prejudice due to Plaintiff's failure to comply with his discovery requests and the failure to comply with the April 21, 2021 order.

### A. Legal Standards

Broad sanctions may be imposed against a person or party for failure to obey a prior court order compelling discovery. Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, a court may issue further just orders, which may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A). The Court also may dismiss the action or proceeding in whole or in part. *Id.* Dismissal and default are such drastic remedies, they may be ordered only in extreme circumstances—i.e., willful disobedience or bad faith. In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996). Even a single willful violation may

suffice depending on the circumstances. Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056 (9th Cir. 1998) (dishonest concealment of critical evidence justified dismissal).

In addition, Local Rule 110 provides that "[f]ailure ... of a party to comply ... with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). Terminating sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007).

Rule 41 of the Federal Rules of Civil Procedure allows a court to involuntarily dismiss an action if the plaintiff fails to prosecute the action or fails to comply with a court order. Fed. R. Civ. P. 41(b). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

**B.     Defendant's Motion to Dismiss**

On December 22, 2020, Defendant propounded interrogatories, requests for production of documents, and requests for admission upon Plaintiff. (Declaration of Jason R. Cale (Cale Decl.) ¶ 2.) Plaintiff's responses were due no later than February 5, 2020. (ECF No. 33.)

On February 8, 2021, Plaintiff's deposition was taken and Plaintiff testified that he had received the discovery requests, but due to the law library being closed, he was unable to respond to the requests or make copies. (Cale Decl. ¶ 3.)

On April 21, 2021, the Court granted Defendant's motion to compel, and ordered Plaintiff to serve responses to Defendant's interrogatories and requests for production within thirty days. (ECF No. 37.) The requests for admissions were deemed admitted. (Id.)

To date, Plaintiff has not provided discovery responses, nor communicated or requested additional time to do so. (Cale Decl. ¶ 4.)

In this case, given Plaintiff's continued refusal to comply with the Court's order compelling discovery responses, the public interest in expeditious resolution and the Court's need to manage its docket, weigh strongly in favor of dismissal of this action. This case has been pending since 2019, and it is proceeding on relatively straightforward claims of retaliation and deliberate indifference. Defendant is entitled to know the facts upon which Plaintiff bases his claims and the documents which support his claims. Although there is a strong public interest in resolving cases on the merits, Plaintiff failure to cooperate with discovery and failure to comply with the court's order has prevented the case from proceeding to resolution. In addition, Defendant is prejudiced by the lack of information from Plaintiff to assist in understanding, evaluating, and defending against liability and damage allegations. Defendant is unable to file a motion for disposition of this action on the merits due to Plaintiff's failure to comply with his discovery obligations. There is a rebuttable presumption of prejudice to a defendant that arises when a plaintiff unreasonably delays litigation. In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Further, lesser sanctions are not feasible. Because Plaintiff is proceeding in forma pauperis in this action monetary sanctions appear futile, and evidentiary sanctions would not be helpful as Plaintiff is already refusing to provide evidence. Moreover, Plaintiff failed to respond to Defendant's discovery requests, failed to oppose Defendant's motion to compel, and failed to oppose the instant motion to dismiss. Thus, he has effectively not litigated this action for several months. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (the Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") The Court finds that Plaintiff's failure to comply and failure to prosecute this action has impaired Defendant's ability to move this action toward rightful decision and Defendant has demonstrated that he has suffered prejudice as a result. Accordingly, the Court recommends that the instant action be dismissed, with prejudice.

///

///

# III.

# CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court finds that dismissal of this action is proper due to Plaintiff's failure to comply with his discovery obligations and orders of this court. Further, all the factors to be considered weigh in favor of dismissal of this action with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, filed June 7, 2021, be GRANTED; and
2. This matter be DISMISSED WITH PREJUDICE for Plaintiff's failure to comply and failure to prosecute.

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these Findings and Recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 15, 2021**__

UNITED STATES MAGISTRATE JUDGE