UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY FRANKLIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HAROLD TATE, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01170-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM THE JUDGMENT<br><br>(Doc. No. 44) |

Plaintiff Jeffrey Franklin is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for relief from the Court's final judgment, filed August 15, 2022. Defendant filed an opposition on August 29, 2022. (ECF No. 45.)

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

1

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); see also Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).

In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." Harvest, 531 F.3d at 749 (internal quotation marks and citation omitted). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

A Rule 60(b)(1) motion "must be made within a reasonable time," and "no more than a year after entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). However, a court may deny a motion, even if it was filed within the one-year period, if the moving party "was guilty of laches or unreasonable delay." Meadows v. Dominican Republic, 817 F.2d 517, 520-21 (9th Cir. 1987); Hidais v. Porter, 2010 WL 760561, at *1 (N.D. Cal. March 4, 2010). What constitutes " 'reasonable time' depends upon the facts of each case," and courts should take into consideration (1) "the interest in finality;" (2) "the reason for delay;" (3) "the practical ability of the litigant to learn earlier of the grounds relied upon;" and (4) "prejudice to the other parties." Lemoge v. United States, 587 F.3d 1188, 1196 (9th Cir. 2009) (quoting Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam)).

2

In his motion for reconsideration, Plaintiff contends that the court's August 10, 2021 final ruling in this matter did not consider the fact that Plaintiff complied with Defendant's discovery requests on May 20, 2021. (ECF No. 44.)

As background, on March 12, 2021, Defendant filed a motion to compel discovery. (ECF No. 36.) On April 21, 2021, the Court granted Defendant's motion to compel. (ECF No. 37.) On June 7, 2021, Defendant filed a motion to terminate the action as a sanction for Plaintiff's failure to comply with his discovery obligation and court order. (ECF No. 40.) Plaintiff failed to file a response. On July 15, 2021, the Court issued Findings and Recommendations recommending that Defendant's motion to dismiss the action as a discovery sanction be granted. (ECF No. 41.) The Findings and Recommendations were served on the parties and contained notice that objections were due within fourteen days. (Id.) Plaintiff did not file objections. On August 10, 2021, the Findings and Recommendations were adopted in full and judgment was entered. (ECF Nos. 42, 43.)

In the instant motion, Plaintiff acknowledges that he received the July 15, 2021 Findings and Recommendations on August 6, 2021. (ECF No. 44 at 4.) However, he contends that he complied with the Court's April 21, 2021 order granting Defendant's motion to compel and timely served his discovery responses on May 20, 2021. (ECF No. 44 at 5-6.) Plaintiff claims he was not aware that Defendant did not receive the responses. (ECF No. 44 at 5.)

A. **Interest in Finality of Judgment**

"Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." TCI Group Life Ins. v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001) (quoting Pena v. Seguros La Comercial, 770 F.2d 811, 814 (9th Cir. 1985)), overruled on other grounds, Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). "[E]ven though FRCP 60(b) motions are liberally construed, 'there is a compelling interest in the finality of judgments which should not lightly be disregarded.'" In re Williams, 287 B.R. 787, 793 (9th Cir. BAP 2002) (quoting Pena, 770 F.2d at 814). Accordingly, where "the time for filing an appeal to the underlying judgment has expired, the interest in the finality of judgments is to be given great weight in

determining whether a FRCP 60(b)(1) motion is filed within a 'reasonable time.' " Williams, 287 B.R. at 793 (9th Cir. BAP 2002) (citing Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981)).

However, "where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." TCI Grp., 244 F.3d at 696. The moving party still bears the "burden of demonstrating that, in a particular case, the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments." Id.

Here, the order adopting the Findings and Recommendations and judgment were entered on August 10, 2021. (ECF Nos. 42, 43.)  Despite acknowledgment that he received the July 15, 2021 Findings and Recommendations on August 6, 2021, Plaintiff did not file the instant motion for relief from judgment until August 10, 2022 (with application of the mailbox rule).  Nor did Plaintiff file a response to Defendant's motion to compel or objections to the Findings and Recommendations. Although Plaintiff contends that he timely served responses to Defendant's discovery requests, there is no argument as to why "the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments." TCI Grp., 244 F.3d at 696. Plaintiff has failed to meet his burden under this factor. The Court therefore finds that the interest in finality of the judgment weighs in favor of finding Plaintiff's motion untimely. In re Williams, 287 B.R. at 793.

**B.    Reasons for Delay and Plaintiff's Ability to Learn of Grounds Relied on Earlier**

Plaintiff contends that from March 2020 to August 2022 the COVID-19 pandemic and his medical conditions effected his ability to respond to the deadlines imposed in this action. (ECF No. 44 at 4.)

Plaintiff does not explain how these circumstances precluded him from responding to the Court's orders or prosecuting the case. Plaintiff does not provide factual details to support his assertion that the COVID-19 pandemic and certain medical conditions were the actual cause of his failure to litigate this action.  In addition, Plaintiff provides no supporting evidence for his assertion that he timely served responses to discovery.  Indeed, even if Plaintiff did properly serve discovery responses on May 20, 2021 (of which Defendant has no record of receiving), Plaintiff fails to indicate why he did not file an opposition to Defendant's motion to dismiss which was filed thereafter on June 7,

4

2021.[1] Nor does this mistake explain why Plaintiff did not later object to the Findings and Recommendations, which granted the request and recommended dismissal entered on July 15, 2021. While the Court is certainly sympathetic to the circumstances faced by the pandemic and any alleged medical conditions, Plaintiff has provided insufficient detail and no evidence to support his assertions. As stated above, Plaintiff did not file a response to Defendant's motion to compel or objections to the Findings and Recommendations and there is no evidence that he did not receive these documents. Nor has Plaintiff presented any arguments or evidence showing that he was unable to request an extension of time to respond to any of these orders. As such, Plaintiff has provided no evidence that anything "impeded his awareness of the court's ruling and all of the relevant facts and law." See Ashford, 657 F.2d at 1055. Furthermore, Plaintiff's delay of a full year in filing the instant motion, with no explanation for the delay, weighs against granting the motion. Thus, the second and third factors weigh in favor of finding Plaintiff's motion untimely.

### C. Prejudice to Defendant

While there is not a specific showing of prejudice to Defendant, the record in this case reveals that Plaintiff did not serve Defendant with discovery, failed to respond to the motion to compel, and failed to further prosecute this action in a timely manner. In addition, Plaintiff waited a year to file the instant motion and this case was filed in July 2019. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) (as amended) (presuming from elapsed time that a party's ability to prosecute or defend a case has been prejudiced). Accordingly, this factor also weights in favor of finding plaintiff's motion untimely.

### D. Conclusion

As indicated above, prejudice to the Defendant, the interest in finality of the judgment, reasons for the delay, and the ability to learn earlier of the grounds for relief all weigh against granting reconsideration. See Lemoge, 587 F.3d at 1196. Under these circumstances, the Court will deny Plaintiff's motion.

---

[1] To this end, Defendant submits Plaintiff's mail log from the prison for the timeframe of May 1, 2021 to June 30, 2021, and there is no record of Plaintiff ever mailing responses on May 20, 2021, to Defendant's discovery requests. (ECF No. 45 at 14.)

**ORDER**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for relief from the judgment, filed August 15, 2022 (Doc. No. 44) is DENIED.

IT IS SO ORDERED.

Dated:  December 1, 2022

_____
SENIOR DISTRICT JUDGE